UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CR. NO. 23-CR-53 (ABJ) |
| | : |
| NOAH JACKSON, | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I. **Summary of the Plea Agreement**

Defendant Noah Jackson agrees to admit guilt and enter a plea of guilty to Count One of the Indictment charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

II. **Penalties**

The penalties for Count One for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, 922(g)(1), are:

    (A)    a term of imprisonment not more than 15 years;

    (B)    a fine not to exceed $250,000;

    (C)    a term of supervised release of not more than three years; and

    (D)    a special assessment of $100.

II. **Elements of the Offense**

To prove that the defendant is guilty of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,

1

the government must prove the following beyond a reasonable doubt:

1. That the defendant possessed a firearm;

2. That he did so voluntarily and on purpose, and not by mistake or accident, with knowledge that the item he possessed was a firearm;

3. That the firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);

4. At the time the defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment of term exceeding one year and had knowledge of that fact.

### III. Proffer of Evidence

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case proceeded to trial, the government's evidence would have established the following beyond a reasonable doubt.

*August 17, 2022*

On August 17, 2022, at 3:05 PM, Metropolitan Police Department ("MPD") officers saw the defendant, Noah Jackson, exit "Market and Vape" and enter the passenger side of a red Infiniti QX30 SUV near 14th and Oak Street, Northwest, Washington, D.C. The vehicle—which had two occupants—drove off at a high rate of speed and failed to come to a complete stop at the stop sign at Holmead Place, Northwest, Washington, D.C. and Oak Street, Northwest, Washington, D.C. Several blocks later, officers again saw the vehicle fail to come to a complete stop at Spring Road, Northwest, Washington, D.C. and Holmead Place, Northwest, Washington, D.C.

2



After officers initiated a traffic stop in the 900 block of Spring Road, Northwest, Washington, D.C. and the vehicle pulled to the curb, Officers Clifford and Taher observed both occupants erratically moving around inside the vehicle. Specifically, Officer Taher observed the driver shifting his body back and to the right towards the floorboard of the rear passenger side of the vehicle. Officer Clifford also observed the defendant (the front passenger) turning back and to the left towards the same floorboard area on the rear passenger side of the vehicle.

Although officers were in an unmarked cruiser, they activated their lights and approached the vehicle wearing MPD uniforms in broad daylight. When the officers approached the vehicle, the defendant opened the passenger door and moved to exit without being instructed to do so. Officer Clifford ordered the defendant to "get back in the car," positioned himself near the passenger door to prevent the defendant from fleeing and stepped him out of the vehicle. Officer Taher approached the driver's side and saw apparent marijuana and marijuana packaging in the back of the car, which he later collected on the front passenger seat. Officers conducted a pat down of the occupants and conducted a protective search of the passenger compartment, where they observed the driver and the defendant reach.

Officer Jegede discovered a Glock 23 .40 caliber semi-automatic handgun on the floorboard partially underneath the front passenger seat, where the defendant had been sitting. The weapon had a large capacity magazine, one round in the chamber, and 19 rounds in a 22-round capacity magazine. In addition, the weapon had a visible Glock "giggle switch," which ATF subsequently confirmed rendered the gun fully automatic. The defendant knew that the switch on the firearm converted it to a machinegun and had previously rapped about having such a switch on his Glock, as evidenced in multiple of his music videos posted to YouTube.

DNA testing subsequently linked the defendant to the firearm and the magazine inside of the firearm.

In April of 2018, in Superior Court for the District of Columbia case number 2017 CF3 021278, Defendant Jackson was convicted of Assault with Significant Bodily Injury, Attempted Robbery, and Carrying a Pistol Without a License, all of which are crimes punishable by more than one year of incarceration. The plea paperwork in that case, which the defendant signed, included the maximum penalties for each charge. Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year of incarceration.

There are no firearms or ammunition manufacturers in Washington, D.C. Therefore, the firearm traveled in interstate commerce (although there is no allegation or evidence that Defendant Jackson himself brought the firearm across state lines).

*January 25, 2023*

On January 25th, 2023, MPD officers executed a warrant at 1416 Quincy Street, Northwest, Washington, D.C. 20011. Upon entry, officers located Defendant Jackson and seven other individuals, and recovered the following:

1. One (1) stolen 9-millimeter Springfield Armory Hellcat (SN: BA359321) handgun loaded with one round in the chamber and 9 rounds in the 11-round capacity magazine;
2. One (1) stolen 38 Special Taurus 856 UL (SN: ABC429349) revolver loaded with 5 rounds in the cylinder;
3. One (1) 9-millimeter Polymer 80 Ghost Gun (No Serial Number) loaded with 1 round in the chamber and 7 rounds in the 15-round capacity magazine;
4. One (1) stolen 40 Caliber S&W Glock 23 Gen 4 40 (SN: BEDA982) handgun loaded with 9 rounds in the 15-round capacity magazine;
5. One (1) 357 Caliber Glock 31 Gen 4 (SN: WZZ623) handgun loaded with 1 round in the chamber and 11 rounds in the 15-round capacity magazine;
6. One (1) twist containing a white powder-like substance that field-tested positive for cocaine base;
7. One (1) twist containing a white rock-like substance that field-tested positive

      for cocaine base;

8. Three (3) bags containing a green leafy substance that field-tested positive for THC; and
9. Three (3) digital scales.

A total quantity of approximately 15.9 ounces of marijuana and approximately 15 grams of crack were seized from the location and persons. DNA evidence tied the magazine inside of the Springfield Armory Hellcat to the defendant.

Respectfully submitted,

*Jared English*
Jared English
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read the foregoing statement of offense, and I have discussed it fully with my attorney, John Marston. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 11/17/2023

Noah Jackson
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page constituting the government's statement of offense related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 11/17/23

John Marston
Counsel for Defendant Noah Jackson