### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) ) | **CASE NO. 23-CR-53 (ABJ)** |
| **v.** | ) ) ) ) ) |  |
| **NOAH JACKSON,** | ) ) |  |
| **Defendant.** | ) |  |

## MOTION FOR ORDER REQUESTING TRANSFER OF DEFENDANT TO D.C. AREA

Defendant Noah Jackson hereby moves the Court for an order requesting that the U.S Marshals Service return Mr. Jackson to the D.C. area (preferably the Central Treatment Facility of the D.C. Jail) following his recent transfer to the Northern Neck Regional Jail ("NNRJ"). Transferring Mr. Jackson back to the D.C. area is necessary to facilitate evaluation of Mr. Jackson by Dr. LaFaye Marshall, a clinical psychologist engaged by the defense. In further support of this Motion, Mr. Jackson states as follows:

Recently, Mr. Jackson's mother informed undersigned counsel that Mr. Jackson had been moved from the Alexandria City Jail ("ACJ") to the NNRJ. Counsel immediately confirmed that Mr. Jackson had been relocated to NNRJ by logging into the Securus inmate communication system and searching for Mr. Jackson, and also by calling the ACJ. Counsel asked personnel at the ACJ why Mr. Jackson was moved, and ACJ officials said the U.S. Marshals Service effected the move for reasons unknown to ACJ. Counsel then called the U.S. Marshals Service to further inquire about Mr. Jackson's transfer. A Deputy U.S. Marshal informed counsel that it was not possible to inform counsel as to the specific reason for Mr. Jackson's transfer, but that it could be

an issue with space at the ACJ, or the proximity of Mr. Jackson's next date before the Court (which is a sentencing hearing scheduled for March 6, 2024) as compared to others with closer court dates.

Mr. Jackson's transfer to the NNRJ presents a significant difficulty in preparing this case for sentencing. Mr. Jackson's sentencing memorandum is due on February 26, 2024. Counsel has engaged Dr. LaFaye Marshall to assist counsel by conducting psychological and neuropsychological evaluations of Mr. Jackson and issuing a report to counsel prior to the sentencing memorandum due date. The psychological evaluation is significantly more difficult with Mr. Jackson at the NNRJ, where limited phone and video conferences are available with counsel only. In addition, the neuropsychological evaluation requires direct, in-person meetings between Mr. Jackson and Dr. Marshall. The two-hour travel time one way to the NNRJ makes it impossible for Dr. Marshall to conduct that evaluation.

In speaking with the U.S. Marshals Service, a Deputy informed counsel that an order from the Court requesting Mr. Jackson's transfer back to the D.C. area could be effective in getting Mr. Jackson transferred to a nearby location where Dr. Marshall is able to conduct her evaluations. In light of the needs of the case, the evaluations planned by Dr. Marshall, and the information from the U.S. Marshals service, Mr. Jackson seeks an Order requesting that the U.S. Marshals Service transfer Mr. Jackson to the D.C. Jail (preferably the Central Treatment Facility) or the ACJ. The government informed counsel that it takes no position on this motion.

Dated: January 24, 2024               Respectfully Submitted,

/s/ John Marston
John P. Marston, DC Bar No. 493012
Foley Hoag, LLP
1717 K Street, NW
Washington, DC 20006
Telephone: 202-261-7321
Cell: 202-253-1104
Fax: 202-785-6687
jmarston@foleyhoag.com

3